THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL EUGENE SADLER,<br><br>Plaintiff,<br><br>v.<br><br>TOOELE COUNTY DETENTION CTR.,<br><br>Defendant. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:22-cv-22-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On January 11, 2022, Plaintiff filed the civil rights complaint in this case. *See* Dkt. No. 5. On December 21, 2023, the court identified deficiencies in Plaintiff's complaint and ordered Plaintiff to cure the deficiencies within 30 days. *See* Dkt. No. 16. In that order, the court cautioned Plaintiff that failure to do so would result in the dismissal of this action without further notice. *See id*. at 7. After Plaintiff did not respond, the court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute or comply with court orders. *See* Dkt. No. 17. Plaintiff has not responded and has not otherwise communicated with the court.

Under Federal Rule of Civil Procedure 41(b), "[if] the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the [respondent] file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a [petitioner's] failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant

because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from a petitioner's "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

The court finds that Petitioner has failed to prosecute this action, comply with this court's orders, or show good cause why this action should not be dismissed. The court accordingly dismisses Petitioner's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interests of justice, the court is dismissing the action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given that despite showing the ability to file a complaint and initiate this action, Plaintiff has failed to cure the deficiencies in his complaint and to comply with court's order to show cause, that over a year has passed since the court first ordered Plaintiff to amend his complaint, and that the court warned that it would dismiss the action if Plaintiff did not file an amended complaint or comply with court orders.

IT IS SO ORDERED.

DATED this 28th day of May, 2024.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge